# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

|  |  |
|---|---|
| Janay Brodhurst-Figuero, on behalf of herself and all others similarly situated, | ) <br> ) Civil Action No. 4:21-cv-03007-JD <br> ) <br> ) <br> ) |
| Plaintiff, | ) **JOINT MOTION REQUESTING** <br> ) **APPROVAL OF SETTLEMENT** |
| vs. | ) **AND RELEASE OF CLAIMS** <br> ) |
| S&W Investments, Inc. d/b/a S&W Transport Services; Logisticare Solutions, LLC, d/b/a Modivcare; James Mooney, individually; | ) <br> ) <br> ) <br> ) |
| Defendants. |  |

_____

Pursuant to the requirements of the Fair Labor Standards Act, Plaintiff Janay Brodhurst-Figueroa (herein, "Plaintiff") and Defendant Logisticare Solutions, LLC, d/b/a ModivCare (individually herein, "ModivCare"), by and through their undersigned counsel, hereby jointly move the Court for approval of the Settlement Agreement and Release of Claims ("Settlement Agreement"), which is attached hereto as Exhibit A.

The parties show the Court the following:

1.      Filed on September 20, 2021, Plaintiff brought this action on behalf of herself and others similarly situated seeking unpaid overtime wages related to her and the putative collective class's employment with Defendants. Plaintiff alleged that Defendants misclassified her and other Patient Transporters as "independent contractors" rather than

"employees," and that their failure to pay Plaintiff and the putative collective class overtime wages violated provisions of the Fair Labor Standards Act ("FLSA") regarding overtime compensation.

2.    On or around September 22, 2021, Plaintiff filed a Charge of Discrimination with the EEOC (Charge No. 436-2021-01522) alleging that Defendants S&W and ModivCare as joint employers discriminatorily terminated her on the basis of her race in violation of Title VII of the Civil Rights Act of 1964 (herein, "Title VII").

3.    ModivCare has disputed the claims asserted in this action, including its alleged status as Plaintiff's joint employer, and in the Charge of Discrimination.

4.    To date, neither Defendant S&W Investments, Inc. d/b/a S&W Transport Services (individually herein, "S&W"), nor Defendant James Mooney have appeared in this action.  While each was personally served with the Summons and Complaint [Docket No. 6], their respective deadlines to answer or otherwise respond to the Complaint have long since passed.

5.    Upon information and belief, the purported owner of S&W, Harold Swanner, died in December 2021. On or around December 30, 2021, the Estate of Harold Swanner was closed.

6.    After engaging in a first round of exchange of documents and information, Plaintiff and ModivCare engaged in settlement negotiations and jointly entered into the Settlement Agreement in an effort to fully and completely resolve this dispute without need for further judicial involvement and to avoid the time and expense of ongoing litigation.

7. It is well settled that court approval is required of all FLSA claims where the parties have agreed to waive any and all prior claims under the Act. See Taylor v. Progress Energy, Inc., 493 F.3d 454, 460 (4th Cir. 2007).

8. The Court reviews the proposed agreement for fairness and reasonableness, considering such factors as (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who represented the plaintiff; (5) the probability of plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery. See Poulin v. Gen. Dynamics Shared Resources, Inc., 2010 U.S. Dist. LEXIS 47511 (W.D. Va. May 5, 2010).

9. All of the above factors weigh in favor of the Court's approval of the parties' settlement. The parties have exchanged documents and information that relate to the merits of the case and potential damages that have been incurred. Thus, the record was developed to the extent that the parties were informed of the legal and factual basis of Plaintiff's claims, Defendants' defenses, and the potential liability.

10. There is no evidence of fraud or collusion on the part of the parties or their counsel in this case. The proposed Settlement Agreement is the product of arms-length negotiations through counsel that took place over the course of the last two months.

11. The attorneys who represent Plaintiff are experienced employment attorneys whose practice is focused on employment law. They have litigated many other FLSA matters and thus are able to competently evaluate the merits of the Plaintiff's claims.

12. The attorneys representing ModivCare have close to 30 years combined experience in litigating cases arising under the FLSA.

13. Although Plaintiff and her counsel believe that the case has significant merit, they recognize and acknowledge the uncertain outcome and risk of any case, as well as the expense and time associated with continued proceedings through trial and through any possible appeals. Further litigating this matter will also likely include moving the Court for a default judgment against S&W and Mooney, as well as motions and potential litigation against the Estate of Harold Swanner, which was closed after this case was filed. Additionally, as discussed in Plaintiff's affidavit attached hereto as Exhibit B, Plaintiff recently experienced personal matters completely unrelated to this litigation or the Charge of Discrimination that have had a deep financial impact on her. Consequently, after in-depth discussions with her counsel, Plaintiff believes that the settlement reached is fair, reasonable, and adequate and is not only in her best interests but, based on her own timekeeping records, makes her whole with regard to her alleged overtime wages due under the FLSA.

While ModivCare contends that it did not violate the FLSA, it acknowledges the uncertain outcome and risk of the case and believe that further, protracted litigation is contrary to its best interests. ModivCare believes that this settlement is fair and reasonable, and will resolve the dispute at issue, while minimizing its own further expenses.

14. The amounts to be paid to the Plaintiff and her counsel are reasonable under the circumstances. The settlement amount reflects what Plaintiff claimed in her Complaint

to be owed for wages, liquidated under the FLSA, along with a sum for compensatory damages under Title VII. The fees to be paid to counsel are based on the work performed at reasonable hourly rates (as opposed to a contingency), subject to a significant discount in order to facilitate the settlement. Therefore, the agreed upon sums, as reflected in the Settlement Agreement and Release are a fair and realistic settlement sum.

WHEREFORE, the parties respectfully request that the Court enter the proposed Consent Order Approving Settlement.

Respectfully submitted this 22nd day of June, 2022.

| MHC LAW, LLC | LITTLER MENDELSON, P.C. |
|---|---|
| s/Casey Martens<br>Casey M. Martens, Esq.<br>(Fed. ID 12812)<br>casey@mhc-lawfirm.com<br><br>Molly R. Hamilton Cawley, Esq.<br>(Fed ID 11838)<br>molly@mhc-lawfirm.com<br>460 King Street, Suite 200<br>Charleston, SC 29403<br>(843) 225-8651<br><br>**ATTORNEYS FOR PLAINTIFF** | /s/William H. Foster_____<br>William H. Foster<br>(Fed. ID 6221 )<br>Email: BFoster@littler.com<br>110 E. Court Street, Suite 201<br>Greenville, SC 29601<br>(864) 775.3191<br><br>Daniella Adler<br>Email: dadler@littler.com<br>900 Third Avenue<br>New York, NY 10022-3298<br>(212) 583-9600<br>PRO HAC VICE<br><br>David Bryce Jordan<br>Email: djordan@littler.com<br>1301 McKinney Street, Suite 1900<br>New York, NY 10022-3298<br>(713) 951-9400<br>PRO HAC VICE<br><br>**ATTORNEYS FOR MODIVCARE DEFENDANTS** |