## EXHIBIT A

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release ("Agreement") is entered into by and between Janay Brodhurst Figueroa ("Plaintiff"), on the one hand, and ModivCare Solutions LLC f/k/a Logisticare Solutions, LLC on the other ("ModivCare") or ("the Company") (collectively, the "Parties").

## RECITALS

This Agreement is made with reference to the following:

A.  **WHEREAS,** Plaintiff filed a lawsuit in the District of South Carolina (Florence) on September 17, 2021, styled Janay Brodhurst-Figuero v. S&W Investments, Inc. d/b/a S&W Transport Services, Logisticare Solutions, LLC d/b/a Modivcare, and James Mooney, Case No. 4:21-cv-03007-JD (the "Lawsuit") Plaintiff's Complaint sets forth allegations that that the Company failed to pay her overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"). ModivCare, one of the multiple defendants in the Lawsuit, denies the allegations and denies employing Plaintiff, and therefore has a bona fide dispute as to liability under the FLSA.

B.  **WHEREAS**, Plaintiff also filed, on September 21, 2021, a Charge of Discrimination with the Equal Opportunity Employment Commission (No. 436-2021-01733) against the Company and S&W alleging that both companies employed her and that both companies discriminated against her on the basis of race. Specifically, Plaintiff alleges that a patient falsely complained that she made a racially charged comment and that her employment was terminated as a result. ModivCare also denies the allegations and denies employing Plaintiff.

C.  **WHEREAS**, the Parties have agreed to resolve any and all issues surrounding Plaintiff's relationship with the Company and the allegations in the Lawsuit, and to set forth their respective rights and obligations so related in this Agreement.

**NOW THEREFORE,** in consideration of the mutual covenants and promises contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them:

1.  **Recitals:** The Parties acknowledge that the "WHEREAS" clauses preceding Paragraph 1 are true and correct, and are incorporated herein as material parts to this Agreement.

2.  **Definitions:** Throughout this Agreement, the term the "Company" shall include the following:

1

    (A)    ModivCare Solutions, LLC, f/k/a Logisticare Solutions, LLC., as well as any respective current and former parent company, subsidiary company, predecessor, successor, affiliated entity, related entity, joint venture, operating entity, franchise, division, joint employer, insurer, or re-insurer of any of the entities described in this subparagraph; and any chairman, officer, director, shareholder, member, trustee, agent, employee, insurer, or assign of any such entity.

    (B)    S&W Investments, Inc. d/b/a S&W Transport Service., as well as any respective current and former parent company, subsidiary company, predecessor, successor, affiliated entity, related entity, joint venture, operating entity, franchise, division, joint employer, insurer, or re-insurer of any of the entities described in this subparagraph; and any owner, chairman, officer, director, shareholder, member, trustee, agent, employee, insurer, or assign of any such entity.

3. **Effective Date:** This Agreement is not enforceable and effective until each of the following pre-conditions occur: (A) the Company receives a copy of this Agreement executed by Plaintiff and the revocation period described in Paragraph 22 of this Agreement has expired without revocation by Plaintiff; (B) the Company receives completed IRS Forms W-9 "Request for Taxpayer Identification Number and Certification" from Plaintiff and her counsel, and a completed IRS Form W-4 "Employee's Withholding Certificate" for Plaintiff; (C) the Court approves the Parties' Agreement, as set forth in Paragraph 8 and dismisses the Lawsuit with prejudice; (D) Plaintiff has provided written notice to the EEOC of her intent to withdraw her Charge with prejudice and a copy of same with proof of delivery is sent to counsel for the Company, and (E) the EEOC informs the Company that it has closed its investigation.

4. **Settlement Sum:** As consideration for Plaintiff's execution of and compliance with the terms and conditions of this Agreement, including Plaintiff's waiver and release of claims in Paragraph 6(A) and its subparts, the Company agrees to provide the following benefits to which Plaintiff is not otherwise entitled:

    (A)    A total payment in the gross amount of ELEVEN THOUSAND AND 00/100 DOLLARS ($11,000.00) (the "Settlement Payment"). The Company will issue three checks as follows:

        (i)    one check made payable to Plaintiff in the amount of One Thousand Four Hundred and 20/100 Dollars ($1,400.20), representing wage-based damages subject to applicable state and federal tax withholdings, for which an IRS Form W-2 will be issued to Plaintiff;

        (ii)    one check made payable to Plaintiff in the amount of One Thousand, Eight Hundred Eight and 40/100 Dollars, ($1,808.40), payable as non-wage damages, for which an IRS Form 1099 will be timely issued to Plaintiff; and

    (ii)    one check made payable to the law firm of MHC Law, LLC in the amount of Seven Thousand, Seven Hundred Ninety-One and 40/100 Dollars ($7,791.40), representing attorneys' fees and costs, for which an IRS Form 1099 will be timely issued to MHC Law, LLC.

The Parties stipulate and agree that the Settlement Payment, including the attorneys' fees paid as part thereof, is a fair and reasonable settlement of Plaintiff's claims, which include her FLSA claim and her discrimination claim.

As a condition precedent to any payment, Plaintiff shall provide the Company with IRS Forms W-4 and W-9 at the time she signs this Agreement. The Company will issue the Settlement Payment within 30 business days from the Effective Date of this Agreement as defined in Paragraph 3.

    (B)    *No other Debts or Obligations Owed by the Company*: Except as specifically set forth in this Agreement, Plaintiff represents that following the Company's tender of the Settlement Payment, the Company has no outstanding debts or other obligations towards Plaintiff under any applicable law or under contract.

5. **Taxes:** The amounts set forth in Paragraph 4 may be subject to applicable income taxes under applicable law. Plaintiff shall be solely responsible for such taxes and will indemnify, defend, and hold harmless the Company in the event there is any claim against the Company for such taxes. Plaintiff agrees and acknowledges that neither the Company nor its counsel have made any representations to her regarding the tax consequences of any payments or amounts received by her pursuant to this Agreement.

6. **Withdrawal of Charge**. Prior to the payment of the settlement agreement, Plaintiff will notify the EEOC in writing, with a copy to ModivCare's counsel (identified in Paragraph 22 below) that she is withdrawing the Charge with prejudice. Plaintiff represents that, other than the Charge and the Lawsuit, she has not filed any complaints, claims, or actions against ModivCare with any state, federal or local agency, court, or any other tribunal, and that Plaintiff will not do so at any time hereafter based on conduct or omissions occurring before the date that Plaintiff signs this Agreement, and that if any court or agency assumes jurisdiction of the same, Plaintiff will direct the court or agency to dismiss or withdraw it.

7. **Release of Claims:**

    (A)    *General and Full Release of All Claims*. Subject to the rights enumerated in Paragraph 7 below, in exchange for, and in consideration of, the payments, benefits, and other commitments described above, Plaintiff, for herself and for

each of her heirs, executors, administrators, and assigns, hereby fully releases, acquits, and forever discharges:

(1) the Company and each of its predecessors, successors and assigns, parent corporations, subsidiary corporations, affiliated entities, joint employers, insurers or re-insurers, and the officers, directors, shareholders, partners, employees, attorneys and agents, past and present, of each of the aforesaid entities

(2) S&W, and each of its predecessors, successors, and assigns, parent corporations, subsidiary corporations, affiliated entities, joint employers, insurers or reinsurers, and the owners, officers, directors, shareholders, partners, employees, attorneys and agents, past and present of each of the aforesaid entities (together with Section (1), the "Released Parties")

of and from any and all claims, liabilities, causes of action, damages, costs, attorneys' fees, expenses, and compensation whatsoever, of whatever kind or nature, in law, equity or otherwise, whether known or unknown, vested or contingent, suspected or unsuspected, that Plaintiff may now have or has ever had relating directly or indirectly to the Lawsuit allegations and her relationship or employment with or termination of the relationship or employment with the Company or S&W (the "Claims"). Without limiting the forgoing, the Claims include, but are not limited to, any alleged violation of any federal, state, or local laws (including statutes, regulations, other administrative guidance, and common law doctrines) including, but not limited to: the Fair Labor Standards Act ("FLSA"); Title VII of the Civil Rights Act of 1964 ("Title VII"); Sections 1981 and 1983 of the Civil Rights Act of 1866; the Americans With Disabilities Act ("ADA"); the Family and Medical Leave Act ("FMLA"); the Workers Adjustment and Retraining Notification Act ("WARN"); the Employee Retirement Income Security Act ("ERISA"); the Occupational Safety and Health Act ("OSHA"); the National Labor Relations Act ("NLRA"); the Genetic Information Non Discrimination Act ("GINA"); the Equal Pay Act ("the EPA"); the Uniformed Services Employment and Reemployment Rights Act ("USERRA"); the South Carolina Human Affairs Law, S.C. Code Ann. §§ 1-13-30 and 1-13-80; S.C. Code Ann. § 16-17-560; the South Carolina Payment of Wages Act, all as amended, and any other federal, state, or local laws relating to restricting an employer's right to terminate employees or otherwise regulating employment; regarding unpaid wages, including without limitation, unpaid compensation, bonuses, commissions, overtime, minimum wage, meal period premiums, shift premiums, and rest period premiums; enforcing express or implied employment contracts; requiring an employer to deal with employees fairly or in good faith; prohibiting retaliation or retaliatory actions; providing recourse for alleged wrongful discharge, demotion, failure to promote or transfer, or loss of seniority; providing recourse for any tort, physical or personal injury, intentional and negligent infliction of emotional distress, fraud or false promise,

4

       negligent misrepresentation, promissory estoppel, interference with contract or prospective economic advantage, or defamation; providing compensatory damages, punitive damages, interest, costs or attorneys' fees; and/or allowing similar or related claims. All contractual obligations owed by the Company to Plaintiff are released, waived, discharged, and of no further effect.

  (B)  *Unknown Claims.* Plaintiff represents that she knows of no claim that has not been released by Paragraph 6(A). Plaintiff acknowledges that she may have sustained or may yet sustain damages, costs, or expenses that are presently unknown to her and therefore, understands that she is releasing Claims that she may not know about between her and the Released Parties. Plaintiff expressly waives and relinquishes all rights and benefits which she may have under any state or federal statute or common law principles that would otherwise limit the effect of this Agreement to Claims known or suspected prior to the date she signs this Agreement, and she does so understanding and acknowledging the significance and consequences of such specific waiver. Thus, for the purpose of implementing a full and complete release and discharge of the Released Parties by this Agreement, Plaintiff expressly acknowledges that this Agreement is intended to include in its effect, without limitation, all Claims which she does not know or suspect to exist in his favor at the time she signs this Agreement, and that this Agreement contemplates the extinguishment of any such Claims.

  (C)  *Non-released Claims.* Nothing in this Agreement is intended to waive Claims: (a) for unemployment or workers' compensation benefits; (b) for vested rights under ERISA-covered benefit plans as applicable on the date Plaintiff signs this Agreement; (c) that may arise after Plaintiff signs this Agreement; (d) regarding the commitments set forth in this Agreement; and (e) that cannot be released by private agreement.

8. **No Interference With Rights:** Nothing in this Agreement shall be construed to prevent Plaintiff, in good faith, from filing a charge of discrimination with, reporting – without prior notice to or consent from the Company – possible waste, fraud, abuse, occupational injury or illness, or violations of any law or regulation to, providing supporting information or documents to, and/or participating in an investigation or testifying in any proceeding conducted by the Equal Employment Opportunity Commission, National Labor Relations Board, Securities and Exchange Commission, Occupational Safety and Health Administration, the United States Department of Labor, and/or any other similar local, state, or federal administrative agency charged with the enforcement of any laws or regulations. However, in accordance with Plaintiff's release of claims in Paragraph 6 of this Agreement, Plaintiff waives her right to recover any individual relief (excluding the consideration provided to her under this Agreement, but including backpay, front pay, reinstatement, or other legal or equitable relief) in any charge, complaint, lawsuit or other proceeding brought by her or on her behalf by any third party, except where such a waiver of individual relief is prohibited by law and except for any right she may have to receive a

5

bounty payment or other award from a government agency (and not from the Released Parties) for information provided to the government agency.

9. **Court Approval:** Plaintiff will seek the Court's approval of this Agreement by way of an unopposed motion to be filed by the Plaintiff immediately upon Plaintiff's execution of this Agreement. Plaintiff will file this Agreement with the Court for its review and approval, and simultaneously move to dismiss her Lawsuit and all claims therein, against all Defendants, with prejudice.

10. **Plaintiff's Representations:** Plaintiff specifically represents, warrants, and confirms that he:

    (A) has not filed any claims, complaints, or actions of any kind against the Company or the Released Parties with any court of law, or local, state, or federal government or agency except the Lawsuit referenced above;

    (B) has not made any claims or allegations to any Company officials related to sexual harassment or sexual abuse, and that none of the payments set forth in this Agreement are related to sexual harassment or sexual abuse; and,

    (C) has not engaged in, nor is she aware of, any unlawful conduct relating to the business of the Company or the Released Parties.

11. **Affirmations:** Plaintiff represents and affirms that she has been paid and/or received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which she may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits are due her, except as provided for in this Agreement. Plaintiff affirms that she has reported all work-related injuries suffered during her employment and any and all concerns regarding suspected ethical and compliance issues or violations on the part of the Company or any released person or entity.

12. **Eligibility for Rehire or Engagement as a Contingent Worker:** Plaintiff understands and agrees that she will not be eligible for hire or rehire by the Company or for hire by the Company's parent company or any of the Company's or parent company's affiliates, subsidiaries and related companies or to otherwise be engaged for an assignment with the Company as a contingent worker. In the event Plaintiff is ever mistakenly employed by or engaged by the Company, its parents, successors, affiliates, and/or subsidiaries, Plaintiff agrees to have her employment and/or contingent worker engagement terminated with no resulting claim or cause of action against the Company, its parent, successors, affiliates and/or subsidiaries.

13. **Non-Disparagement:** Subject to the rights enumerated in Paragraph 7, Plaintiff agrees that she will not provide information, issue statements, or take any action regarding the

6

Company's products or services that would cause the Company embarrassment or humiliation or otherwise cause or contribute to the Company being held in disrepute.

14. **No Assignment:** The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this Agreement, that the Parties have the sole right and exclusive authority to execute this Agreement, and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is the subject of this Agreement.

15. **Governing Law:** This Agreement shall be governed by and construed in accordance with the laws of the state of South Carolina without regard to its conflicts of law provisions.

16. **No Admission of Liability:** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Company of any liability or unlawful conduct of any kind. The Parties agree that Plaintiff shall not be considered a prevailing party for any purpose.

17. **Headings:** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

18. **Modification of Agreement:** This Agreement may not be amended, revoked, changed, or modified in any way, except in writing executed by all Parties. Plaintiff agrees not to make any claim at any time or place that this Agreement has been orally modified in any respect whatsoever. No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the Party against whom such waiver is charged. The Parties acknowledge that only an authorized representative of the Company has the authority to modify this Agreement on behalf of the Company.

19. **Interpretation:** The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement has been negotiated by and between the Parties and shall not be construed against the "drafter" of the Agreement.

20. **Severability:** The Parties explicitly acknowledge and agree that the provisions of this Agreement are both reasonable and enforceable. However, if any portion or provision of this Agreement (including, without implication of limitation, any portion or provision of any section of this Agreement) is determined to be illegal, invalid, or unenforceable by any court of competent jurisdiction and cannot be modified to be legal, valid, or enforceable, the remainder of this Agreement shall not be affected by such determination and shall be valid and enforceable to the fullest extent permitted by law, and said illegal, invalid, or unenforceable portion or provision shall be deemed not to be a part of this Agreement. To the extent any provision of the general release of Claims described in Paragraph 6 above is deemed to be illegal, invalid, or unenforceable, the Company is not

obligated to honor any of the terms set forth herein and Plaintiff shall return any amounts paid by the Company.

21. **Binding Nature of Agreement:** This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each Party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

22. **Understanding and Acknowledgement:** Plaintiff acknowledges that she has carefully read this Agreement, is advised of, and agrees to the following:

    (A) the consideration provided to Plaintiff under this Agreement exceeds the nature and scope of any consideration to which Plaintiff would otherwise have been legally entitled to receive absent execution of this Agreement;

    (B) execution of this Agreement and the full release herein, which specifically includes a waiver of any claims of violation of the FLSA, is Plaintiff's knowing and voluntary act;

    (C) Plaintiff has twenty-one (21) calendar days within which to consider this Agreement and his signature on this Agreement prior to the expiration of this twenty-one (21) day period (should he choose not to take the full period offered) constitutes an irrevocable waiver of said period or its remainder;

    (D) in the event Plaintiff signs this Agreement, Plaintiff has another seven (7) calendar days to revoke it by delivering a written notice of revocation to counsel for the Company, Bill Foster of Littler Mendelson P.C., 110 East Court Street, Suite 201, Greenville, South Carolina, 29601, and this Agreement does not become effective until the expiration of this seven (7) day period;

    (E) Plaintiff is hereby advised to consult with an attorney prior to executing this Agreement, and has taken advantage of this right;

    (F) Plaintiff has read and fully understands the terms of this Agreement; and

23. **Entire Agreement:** This Agreement sets forth the entire Agreement between the Parties hereto, and fully supersedes any prior obligation of the Company to Plaintiff. Plaintiff acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to accept this Agreement, except those set forth in this Agreement.

24. **Counterparts; Electronic Signatures:** This Agreement may be executed in counterparts that may be delivered by electronic transmission, each of which will be deemed to be an original and together will constitute one and the same instrument. Each Party agrees that the electronic signatures of the Parties included in this Agreement are intended to authenticate this writing and to have the same force and effect as manual signatures.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 4 ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS SHE HAS OR MIGHT PRESENTLY HAVE AGAINST THE COMPANY.

| Janay Brodhurst-Figuero | ModivCare LLC f/k/a/ Logisticare Solutions LLC |
|---|---|
| _____ Signature | _____ Signature |
| | Jennifer Jaskolka, Deputy Gen. Counsel |
| _____ Printed Name | Printed Name/Title |
| | 6/21/2022 |
| _____ Date | Date |

9

Company, Bill Foster of Littler Mendelson P.C., 110 East Court Street, Suite 201, Greenville, South Carolina, 29601, and this Agreement does not become effective until the expiration of this seven (7) day period;

(E) Plaintiff is hereby advised to consult with an attorney prior to executing this Agreement, and has taken advantage of this right;

(F) Plaintiff has read and fully understands the terms of this Agreement; and

23. **Entire Agreement:** This Agreement sets forth the entire Agreement between the Parties hereto, and fully supersedes any prior obligation of the Company to Plaintiff. Plaintiff acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to accept this Agreement, except those set forth in this Agreement.

24. **Counterparts; Electronic Signatures:** This Agreement may be executed in counterparts that may be delivered by electronic transmission, each of which will be deemed to be an original and together will constitute one and the same instrument. Each Party agrees that the electronic signatures of the Parties included in this Agreement are intended to authenticate this writing and to have the same force and effect as manual signatures.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 4 ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS SHE HAS OR MIGHT PRESENTLY HAVE AGAINST THE COMPANY.

| Janay Brodhurst-Figueroa | ModivCare LLC f/k/a/ Logisticare Solutions LLC |
|---|---|
| *Janay Brodhurst-Figueroa* | |
| Signature | Signature |
| Janay Brodhurst-Figueroa | |
| Printed Name | Printed Name/Title |
| June 17, 2022 | |
| Date | Date |

8